UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARIA J. SHOEMAKER,

    Plaintiff,

v.

STATE OF WASHINGTON; GREENTREE FINANCIAL SERVICING CORP. DBA CONSECO FINANCIAL SERVICING CORP,

    Defendant.

Case No. C08-5473RJB

ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING CASE

This matter comes before the court on plaintiff Maria J. Shoemaker (Maria-Janet)'s motion to proceed in forma pauperis (Dkt. 1) and upon review of the file. The court has considered the relevant documents and the remainder of the file herein.

## PROCEDURAL HISTORY

This case has a protracted history. That history is set forth in detail in the opinion of the Washington Court of Appeals in *Piresha Merite Family Trust v. Conseco Finance Servicing Corp.*, 126 Wn.App. 1035 (2005). The state case involved title to Ms. Shoemaker's real property that Canseco Financial Services obtained in a nonjudicial foreclosure proceeding, an unlawful detainer action against Ms. Shoemaker, and quiet title actions. *Id.*

On June 13, 2005, while the state court proceedings were pending, Ms. Shoemaker removed the state case to federal court. *See Green Tree Servicing, LLC v. Shoemaker*, C05-5410RJB. On July 15,

ORDER
Page - 1

2005, the court granted Green Tree Servicing's motion to remand, and remanded the case to Kitsap County Superior Court, on the basis that the court did not have jurisdiction over the case. *See Green Tree Servicing, LLC v. Shoemaker*, C05-5410RJB, Dkt. 9. On August 17, 2005, the court granted Green Tree Servicing Company's motion for attorney's fees and awarded $5810 in attorney's fees and costs. *See Green Tree Servicing, LLC v. Shoemaker*, C05-5410RJB, Dkt. 28.

It appears from the documents plaintiff filed in the present case that the state court issued a ruling or rulings adverse to plaintiff. See Dkt. 1.

On July 28, 2008, plaintiff filed this case. Dkt. 1. It appears from the documents that Ms. Shoemaker believes that the state court did not have jurisdiction in the state case because she is not a corporate entity registered with the state and because she is protected by the foreign sovereign immunity act, 28 U.S.C. § 1602 *et seq*. Ms. Shoemaker contends that the decisions of the state court are void, and requests that this federal court void the order or orders of the state court.

Ms. Shoemaker filed an application to proceed *in forma pauperis*, but she answered "n/a" to each question on the application. Dkt. 1.

## LEGAL STANDARD

A federal court may dismiss a case *sua sponte* pursuant to Fed.R.Civ..P. 12(b)(6) when it is clear that the plaintiff has not stated a claim upon which relief may be granted. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir.1987) ("A trial court may dismiss a claim sua sponte under Fed.R.Civ.P. 12(b)(6).... Such a dismissal may be made without notice where the claimant cannot possibly win relief."). *See also Mallard v. United States Dist. Court*, 490 U.S. 296, 307-08 (1989) (there is little doubt a federal court has the power to dismiss a frivolous complaint sua sponte, even in absence of an express statutory provision). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

Because plaintiff filed this complaint *pro se*, the court has construed the pleadings liberally and has afforded plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988).

## DISCUSSION

**1. Jurisdiction**

Ms. Shoemaker is apparently requesting that this court vacate an order or orders of the Kitsap County Superior Court.

Jurisdiction is a threshold issue that must be raised *sua sponte*. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998).

The *Rooker-Feldman* doctrine takes its name from *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983). It is a forbidden *de facto* appeal under *Rooker-Feldman* when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court. *Noel v. Hall*, 341 F.3d at 1163. The federal court has no jurisdiction to review such a decision or decisions. *See Rooker v. Fidelity Trust Co.,* 263 U.S. at 415-16(by federal statute, jurisdiction over appeals from state courts lies exclusively in the Supreme Court and is beyond the original jurisdiction of federal district courts); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. at 486-87(jurisdictional bar extends to particular claims that are inextricably intertwined with those a state court has already decided). A party disappointed by a decision of a state court may seek reversal of that decision by appealing to a higher state court. *Noel v. Hall*, 341 F.3d at 1155. A party disappointed by a decision of the highest state court in which a decision may be had may seek reversal of that decision by appealing to the United States Supreme Court. *Id.*

The court does not have jurisdiction over the claims in this case, which is a *de facto* appeal of a state court decision or decisions. Ms. Shoemaker's argument that the state does not have jurisdiction over the state case because she is not a corporate entity registered with the state and because she is protected by the foreign sovereign immunity act, 28 U.S.C. § 1602 *et seq.*, is frivolous.

This case should be dismissed.

**2. Application to Proceed *In Forma Pauperis***

Ms. Shoemaker has filed an application to proceed *in forma pauperis*. Dkt. 1. She did not complete the application properly, since she noted "n/a" on every question asked about her financial situation. The motion to proceed *in forma pauperis* should be denied because Ms. Shoemaker has not shown that she is unable to pay the filing fee in this case. Further, this case is frivolous, without merit, and fails to state a claim, and the court should deny Ms. Shoemaker's application to proceed *in forma pauperis* on this basis as well.

1 Therefore, it is hereby

2 **ORDERED** that Ms. Shoemaker's application to proceed in forma pauperis (Dkt. 1) is **DENIED**.
3 This case is **DISMISSED WITH PREJUDICE**.

4 The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any
5 party appearing *pro se* at said party's last known address.

6 DATED this 8th of August, 2008.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge

ORDER
Page - 4